IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **JACKIE PATTERSON,** | * |
| Plaintiff, | * |
| v. | * Civil Action No.: _____ |
| **MAZDA MOTOR OF AMERICA, INC.** | * |
| Defendant. | * |

<u>Please Serve:</u>
CT Corporation System
4701 Cox Road Suite 285
Glen Allen, VA 23060

## COMPLAINT

Now into Court, through undersigned counsel, come the Plaintiff, Jackie Patterson and moves the Court for judgment against Defendant Mazda Motor of America, Inc. on the basis of the following facts and law:

## JURISDICTION

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.00.

2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332, Plaintiff is a citizen of Fairfax County, Virginia, and Defendant Mazda Motor of America, Inc. is a corporation organized under the laws of California with a principal place of business at in Irvine, California. The amount in controversy exceeds $75,000.00.

## VENUE

3.      Venue in this Honorable Court is proper pursuant to 28 U.S. Code § 1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Harrisonburg Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4.      On June 5, 2024, Plaintiff purchased a 2024 Mazda CX-90 PHEV (VIN JM3KKDHA8R1147608) (hereinafter *"subject vehicle"*) for a total purchase price of $58,271.97 from Safford Brown Mazda Chantilly located in Chantilly, Virginia. Safford Brown Mazda Chantilly is an authorized dealer of Defendant Mazda Motor of America Inc., for sales and warranty service and repair.

5.      The subject vehicle was manufactured and/or distributed by the Defendant, Mazda Motor of America Inc.

6.      The subject vehicle came with a 3-year/36,000-mile warranty.

7.      In approximately mid-June 2024, Plaintiff returned the subject vehicle to Safford Brown Mazda Chantilly located in Chantilly, Virginia for warranty service and repair. Plaintiff reported that the subject vehicle was not charging correctly. The dealership gave the Plaintiff a new charging cord. Repair attempts were made, and the subject vehicle was out of service approximately four days.

8.      On December 23, 2024, the Plaintiff returned the subject vehicle to Safford Brown Mazda Chantilly located in Chantilly, Virginia for warranty service and repair. Plaintiff reported that the Engine Malfunction Light illuminated and the remote climate start was not working, the wireless charging pad was not working, and the charger reader on the subject vehicle was inaccurate. Plaintiff reported that the subject vehicle

had multiple recalls such as Recall 7024J (Engine Control Unit Reprogramming) and Recall 7124J (Inoperable Defroster and Seatbelt Warning Ligh). Repair attempts were made. Plaintiffs picked up the vehicle on December 27, 2024.

9. On February 12, 2025, Plaintiffs returned the subject vehicle to Safford Brown Mazda Chantilly located in Chantilly, Virginia for warranty service and repair. Plaintiff reported that the subject vehicle would make a grinding noise, the subject vehicle lost power when trying to accelerate, and the gauge display indicates the subject vehicle is being charged when it is not charging. Plaintiff also reported that the radio was inoperable, the wireless charger was inoperable, the high/low beams did not work, and the remote climate control was inoperable. Additionally, the subject vehicle randomly told the Plaintiff to brake while driving, the windshield wipers did not work properly, and there was an open recall regarding a Powertrain Control Module update. Repair attempts were made. Plaintiff picked up the vehicle on April 12, 2025.

10. As of the filing of this lawsuit, the vehicle was of service for a cumulative total of 92 days.

## COUNT ONE – VIOLATION OF THE VIRGINIA MOTOR VEHICLE WARRANTY ACT

11. The facts alleged in Paragraphs 1-9 are re-pled and incorporated herein by reference.

12. Plaintiff Jackie Patterson is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereafter referred to as the *"Virginia Lemon Law")* Virginia Code § 59.1-207.11 et seq.

13. Defendant Mazda Motor of America Inc. is a manufacturer as defined by Virginia Code § 59.1-207.11 et seq and has received due notice under the same statute.

14. Specifically, Virginia Code §59.1-207.13(B)(1) provides that *"It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer…the same nonconformity has been subject to the repair three or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist.* The Plaintiffs' vehicle has been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety. The Plaintiff's vehicle has a defective engine that has been the subject of repair three or more times and the defect still exists. This significantly impairs the use, market value and safety of the Subject Vehicle.

15. The Virginia Lemon Law requires a manufacturer to *"make such repairs as are necessary to conform the vehicle to such warranty"* that are provided to the consumer. Virginia Code § 59.1-207.13(B)(2) states that if the nonconformity or defect is a serious safety defect and has been subject to repair one or more times and the same nonconformity continues to exist it is presumed the vehicle has been subject to repair a reasonable number of times and the motor vehicle is significantly impaired and unfit, unreliable, and unsafe for ordinary use or reasonable intended purposes.

16. Defendant has been unable to repair Plaintiff's vehicle after a reasonable number of repair attempts. Specifically, Virginia Code § 59.1-207.13(B)(3) provides that *"It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer… the motor vehicle is out of service due to repair for a cumulative total of thirty calendar days.*" The Plaintiff's vehicle has been out of service more than 30 days

and is therefore presumed to have been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety.

## COUNT TWO– MAGNUSSON-MOSS WARRANTY ACT

17. The facts alleged in Paragraphs 1-9 are incorporated herein by reference.

18. Plaintiff Jackie Patterson is a consumer as Code § 2301(3). The Defendant is a supplier and warrantor as defined in 15 U.S. Code § 2301(4)-(5). The subject vehicle is a consumer product as defined in 15 U.S. Code § 2301(1). defined in 15 U.S.

19. The Vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiffs as a part of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U.S. Code § 2301(6)-(7), respectively.

20. The Limited Warranty has failed its essential purpose and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiffs with a refund as required in 15 U.S. Code § 2304(a)(1) and (4).

21. The Defendant has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists, and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 28 U.S. Code § 2308, 2310(d).

22. As a proximate result of the Defendant's violations of the Magnuson-Moss Warranty Act and breach of its warranties, the Plaintiffs have been damaged for which the Defendant is responsible. See, 15 U.S. Code § 2304(a) and 2310(d).

23. Plaintiff Jackie Patterson seeks to recover as damages the purchase price of the vehicle, $58,271.97, as well as all finance charges, incidental costs, compensation in the amount of $20,000.00 for inconvenience and loss of use, reasonable attorney fees

in the amount of one-third of the amount received, or $750 per hour, whichever is greater, expert witness fees, and court costs. See, Virginia Code § 59.1-207.14.

WHEREFORE, Plaintiff Jackie Patterson moves the Court for judgment against Defendant MAZDA MOTOR OF AMERICA, INC. in the amount of the purchase price of the subject vehicle $58,271.97, as well as all incidental costs, compensation in the amount of $20,000.00 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $750 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgment interest running from the date of the first repair attempt, post-judgment interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**JACKIE PATTERSON,**

By: /s/ James B. Feinman___
　　　　Of Counsel

James B. Feinman, Esq., (VSB # 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 - phone
(434) 846-0158 - fax
jb@jfeinman.com
*Counsel for Plaintiff*